UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Edith Jones, *pro se*,                                  Case No. 3:18-cv-2425

        Plaintiff,

    v.                                                                 MEMORANDUM OPINION
                                                                                        AND ORDER

Whirlpool Corporation, et al.,

        Defendants.


## I. INTRODUCTION

Defendant Whirlpool Corporation moves to dismiss the complaint filed by *pro se* Plaintiff Edith Jones for failure to state a claim upon which relief may be granted. (Doc. No. 22). Jones filed a brief in opposition, (Doc. No. 24), and Whirlpool filed a brief in reply. (Doc. No. 26). Jones filed a motion to amend her brief in opposition due to a typographical error. (Doc. No. 25).[1] She also filed a motion to amend her complaint, (Doc. No. 27), which Whirlpool has opposed. (Doc. No. 28). For the reasons stated below, I deny Jones' motion to amend her complaint and grant Whirlpool's motion to dismiss.

---

[1] Jones titles this motion a motion for judgment nunc pro tunc, which typically is a motion seeking to remedy a clerical error in a court's order rather than in a party's brief. The point of her motion is to avoid adverse consequences from Jones' inadvertent inclusion of the word "not" in the last sentence of her brief in opposition. (Doc. No. 25 at 1-2; Doc. No. 24 at 6). I will treat Jones' motion as a motion to amend her brief to accurately reflect Jones' request that I deny Whirlpool's motion to dismiss and I grant that motion to amend. (Doc. No. 25).

## II. BACKGROUND

Jones began working for Whirlpool in April 2017. She claims some of her co-workers began harassing her shortly after she started, including by threatening to assault her and by spraying her with an unknown liquid. (Doc. No. 1 at 1). Jones asserts she had to be treated at a hospital after being sprayed, suffering hair loss and what she describes as "purple fungus." (*Id.* at 2). She alleges she reported her coworkers' behavior to the human resources department and her supervisor on numerous occasions, but nothing was done. (Doc. No. 1 at 1-2).

Jones also claims she was terminated "because of rumors of [Jones] suing Whirlpool" due to the actions of her coworkers. (Doc. No. 3 at 1).[2] She alleges that, after she was told she was being terminated because of the rumored lawsuit, she also was told her job performance was not acceptable. (*Id.* at 2).

After she was terminated, Jones filed a charge of discrimination with the Ohio Civil Rights Commission and the EEOC, asserting her belief that her coworkers harassed her due to her age and that she was terminated "in retaliation for having participated in a protected activity." (Doc. No. 1-1 at 3). The EEOC was "unable to conclude that the information [it] obtained establishe[d] violations of the statutes" and notified Jones she must file suit within 90 days of her receipt of the EEOC notice or her claims would become time-barred. (*Id.* at 1).

---

[2] Whirlpool characterizes the filing in which this allegation is contained (titled "Supplement to Complaint") as "improper." (Doc. No. 28 at 1). Whirlpool does not expand on this characterization. Rule 15(a) permits a plaintiff to amend the complaint without leave of court if the defendant has not yet filed a responsive pleading. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 574 (6th Cir. 2008).

It seems likely that Whirlpool's dispute is with the form Jones' filing takes. In light of the leniency to which *pro se* pleadings are entitled, *see, e.g., Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), and the absence of any claim by Whirlpool that the form of the filing causes it prejudice, I see no reason to disregard Jones' allegations in her supplement to her complaint.

### III.  STANDARD

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations.  *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Factual allegations must be sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.  Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In considering a Rule 12(b)(6) motion, the court may consider the allegations in the complaint as well as any exhibits attached to the complaint, as long as the complaint refers to the exhibit and the exhibit is central to the claims set forth in the complaint.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### IV.  ANALYSIS

Whirlpool asserts Jones fails to state a claim for relief, even after taking into account the extra latitude provided to *pro se* filings.  *See, e.g., Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (noting *pro se* pleadings must be held to less stringent standards than attorney filings).  Whirlpool also argues I should deny Jones' motion to amend her complaint because she has not provided enough detail on her new allegations and because any amendment would be futile.  (Doc. No. 28 at 2).

**A. MOTION TO DISMISS**

In order to state a claim for relief, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  As I described above, Jones claims her coworkers constantly harassed her and sprayed her with a chemical, causing her hair to fall out.  She also alleges Whirlpool did not address her complaints about her coworkers

and that she subsequently was fired based upon rumors she intended to sue Whirlpool. Jones asserts her coworkers harassed her due to her age and that she was terminated "in retaliation for having participated in a protected activity." (Doc. No. 1-1 at 3).

In order to state a claim for hostile work environment under the Age Discrimination in Employment Act ("ADEA"), a plaintiff must show (1) she was 40 years old or older, (2) she was subjected to harassment through words or actions based on age, (3) the harassment unreasonably interfered with her work performance and created "an objectively intimidating, hostile, or offensive work environment," and (4) there is "some basis for liability on the part of the employer." *Crawford*, 96 F.3d at 834-35. The Supreme Court has "made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment . . . ." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

A plaintiff claiming her employer retaliated against her for opposing age discrimination "must prove that she took an overt stand against suspected illegal discriminatory action to establish she engaged in a protected activity." *Blizzard v. Marion Technical Coll.*, 698 F.3d 275, 288 (6th Cir. 2012) (citations and internal quotation marks omitted).

Jones' claims fall short because she does not identify any connection between the alleged bias of her coworkers and the decision of her employer. *See, e.g., Staub v. Proctor Hosp.*, 562 U.S. 411, 422-23 (2011) (holding employer liable for an action taken by a supervisory employee, within the scope of that supervisor's employment and motivated by that supervisor's bias); *Sharp v. Aker Plant Serv. Group, Inc.*, 726 F.3d 789, 797 (6th Cir. 2013) (reversing district court's grant of summary judgment for employer in light of evidence that employer accepted the input of a supervisory employee whose recommendation was motivated by the plaintiff's age).

There is no indication that Jones' coworkers could have had any influence on the decision to terminate her employment. *See DeBarr v. Cleveland Clinic Found.*, 918 F. Supp. 2d 676, 684 (N.D.

4

Ohio 2013) (citing *Ercegovich v. Goodyear Tire & Rubber*, 154 F.3d 344 (6th Cir. 1998) and noting there is no support for extending the "cat's paw" theory of liability to non-supervisory employees who could not have influenced an employment decision). Jones' mistreatment by her coworkers, whom she does not allege had any supervisory authority, does not extend liability to her employer.

Jones does not identify any misconduct by a supervisor which conceivably could have been motivated by age. To the contrary, Jones' allegations indicate Mike Consolo, who was her line supervisor, invited her to join his golf team. (Doc. No. 1 at 1). Jones alleges Chris Hall informed her she was being terminated "because of rumors of suing Whirlpool" and because her job performance was "not acceptable." (Doc. No. 3 at 1-2). She does not allege Hall or Consolo ever made any comments about her age.

Moreover, Jones does not present a basis for concluding Whirlpool is liable for the behavior of her coworkers as a result of some form of habitual inaction. Though Whirlpool did not assign her to a different position, Jones' allegations imply Whirlpool spoke with her and her coworkers about their disputes. (Doc. No. 1 at 1-2). Further, Jones acknowledges that Whirlpool performed tests in the area where she claims her coworkers sprayed her with an unknown liquid but found "there was nothing there." (*Id.* at 2). Thus, Jones herself admits Whirlpool investigated her complaints rather than ignoring them.

Jones also fails to allege sufficient facts to show she experienced a material change in the terms and conditions of her employment due to her coworkers' behavior and comments. While she alleges she was pulled off the line on numerous occasions to speak with a supervisor about the disputes with her coworkers, she does not allege her coworkers' actions interfered with her ability to do her job.

Additionally, Jones fails to state a claim for retaliation because, though she claims Whirlpool fired her after hearing she planned to file a lawsuit, she does not indicate she told anyone at

5

Whirlpool she would file a lawsuit alleging age discrimination or engaged in other protected conduct. *See, e.g., id.* (A defendant must know of the plaintiff's protected activity before it may be held liable.); *Crawford v. Chipotle Mexican Grill, Inc.*, 773 F. App'x 822, 827 (6th Cir. 2019) ("The governing principle from our caselaw is not that magic words must be intoned but that the language used be enough, in a specific factual context, to convey the accusation and its basis.").

Even if I were to assume Jones told her supervisors and the Human Resources department that she believed her coworkers were mistreating her because of Jones' age, her claims still would fail. The ADEA prohibits only employer practices taken because of an individual's age. 28 U.S.C. § 623(a). It does not convert every act of misconduct by an employee into a "practice made unlawful by this section." 28 U.S.C. § 623(d); *see also Love v. Elec. Power Bd. of Chattanooga, EPB*, 392 F. App'x 405, 409 (6th Cir. 2010) ("Vague charges of discrimination or that management [is] out to get [the plaintiff] are not opposition to an unlawful employment practice and are not protected by the ADEA." (quoting *Fox v. Eagle Distrib. Co.*, 510 F.3d 587, 591 (6th Cir.2007) (internal quotation marks omitted))).

While Jones' allegations paint a picture of a difficult and unlikable workplace, her allegations do not establish that age was the "but-for" cause of Whirlpool's decision to terminate her employment. Absent additional factual allegations, the Complaint fails to state a claim for relief.

### B. MOTION TO AMEND

Jones seeks to offer additional allegations in her brief in opposition to the motion to dismiss, (Doc. No. 24), as well as in her motion to amend the complaint. (Doc. No. 27). In her opposition brief, Jones asserts Whirlpool was negligent in failing to respond to her complaints about her coworkers' behavior. (Doc. No. 24 at 1-3). She claims the right-to-sue letter issued by the EEOC establishes that she "was being harassed as an older employee (over 60) and all the girls were in their 20[s] and 40[s] . . . ." (Doc. No. 24 at 3).

6

In her motion to amend the complaint, Jones alleges her coworkers made numerous comments about her age and how she was too old to do the job. (Doc. No. 27 at 1-2). She seeks to add a claim for age-related discrimination. (*Id.* at 3-4).

Jones' proposed amendments do not remedy the shortcomings in her hostile work environment and retaliation claims contained in her earlier pleadings. As I noted above, by her own admission, Whirlpool did not ignore Jones' complaints. Even if it had, however, an employer cannot be held liable under the ADEA simply for negligence. Instead, "the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (emphasis added).

Nor does Jones present a plausible claim for age discrimination. A plaintiff must show age was the "but-for" cause of her employer's adverse employment action. *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 264 (6th Cir. 2010) (quoting *Geiger v. Tower Auto.*, 579 F.3d 614, 620 (6th Cir. 2009)). Jones alleges Whirlpool terminated her after she stated she would hire a lawyer to prove she was telling the truth about her coworkers' harassment, (Doc. No. 27 at 2), and that Hall told her that her job performance was not acceptable. (Doc. No. 3 at 2). She does not allege that the real reason for her termination was her age and the mere fact her coworkers were outside of the protected class, without more, does not support an inference that Whirlpool's actions were motivated by age. *See Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (To state a plausible claim, a plaintiff must offer adequate factual allegations to permit a court to draw the necessary inference of discrimination.).

I conclude Jones' proposed amendments would be futile, because they do not permit her claims to survive a motion to dismiss. *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir.

7

1999); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing Fed. R. Civ. P. 15). Therefore, I deny her motion to amend.

## V.    CONCLUSION

For the reasons stated above, I grant Jones' motion to amend her brief in opposition to Whirlpool's motion to dismiss, (Doc. No. 25), deny her motion to amend the complaint as futile, (Doc. No. 27), and grant Whirlpool's motion to dismiss the complaint for failure to state a claim upon which relief may be granted. (Doc. No. 22).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge